[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
{¶ 1} This is an appeal by plaintiff, Dorothy Ballard, from a judgment of the Franklin County Court of Common Pleas, denying plaintiff's motion for summary judgment and granting the cross-motion for summary judgment of defendant, Vision Realty, Inc. ("Vision Realty").
{¶ 2} On February 5, 1997, defendant, Troy S. Cleveland, made a written offer in a real estate purchase contract to purchase plaintiff's residence, located at 1539 S. Fahlander Drive, for a total consideration of $85,000. Under the terms, Cleveland was to assume an existing FHA loan in the amount of $59,296, make a cash down payment of $25,700, pay the assumption fees and "assume loan without release."
{¶ 3} On February 6, 1997, plaintiff submitted a counteroffer, agreeing to the terms of the buyer's offer subject to certain specified changes and additions. On February 7, 1997, the parties signed an addendum to the real estate purchase contract dated February 5, 1997.
{¶ 4} Vision Realty represented Cleveland as the buyer's agent, and Vision Realty acknowledged in the contract receipt of the sum of $5,000 from Cleveland, to be applied to the purchase price of the property. Paragraph thirteen of the contract set forth the terms governing the deposit, and provided in part:
{¶ 5} "Buyer has deposited with Broker the sum receipted for on first page of this contract, which shall be returned to Buyer, upon Buyer's request, if no contract shall have been entered into. Upon acceptance of this contract by both parties, Broker shall deposit such amount in its trust account to be disbursed, subject to collection by Broker's depository, as follows: (a) deposit shall be applied on purchase price or returned to Buyer when transaction is closed; (b) if Seller fails or refuses to perform, or any contingency is not satisfied or waived, the deposit shall be returned; (c) if Buyer fails or refuses to perform, this deposit shall be paid to the Seller. * * *"
{¶ 6} The agreement set a closing date for February 28, 1997, "unless the parties agree in writing to an extension." On March 5, 1997, the parties signed an addendum to the real estate purchase contract, providing that the buyer was to "obtain acceptable conventional financing," and further stating that the buyer and seller "mutually agree to extend this contract until midnight March 15, 1997."
{¶ 7} A closing was scheduled for March 21, 1997, but Cleveland did not attend. By letter from plaintiff's agent to Vision Realty, dated March 27, 1997, the agent requested that Vision Realty not return the buyer's earnest money deposit, based upon information received by the agent that plaintiff might take legal recourse against Cleveland for his failure to close on the property. At some point, however, Vision Realty refunded the deposit to Cleveland.
{¶ 8} On April 10, 2001, plaintiff filed a complaint against Cleveland and Vision Realty, alleging causes of action for breach of contract, bad faith breach of contract, promissory estoppel, unjust enrichment, conversion, breach of fiduciary duties, punitive damages and prejudgment interest.
{¶ 9} Vision Realty filed an answer on May 15, 2001. On June 25, 2001, plaintiff filed a motion for default judgment against Cleveland, asserting that Cleveland had failed to answer or otherwise defend against the action. By decision and entry filed on August 3, 2001, the trial court granted plaintiff's motion for default judgment against Cleveland.
{¶ 10} The court referred the case to a magistrate for a hearing to determine the issue of damages to be awarded against Cleveland. The magistrate issued a decision on September 7, 2001, finding that plaintiff was entitled to recover from Cleveland damages in the amount of $5,000, representing the deposit made by Cleveland to secure his performance of the contract. By entry filed September 25, 2001, the trial court adopted the magistrate's decision.
{¶ 11} On October 15, 2001, plaintiff filed a motion for summary judgment against Vision Realty. On November 28, 2001, Vision Realty filed a memorandum contra plaintiff's motion for summary judgment, and a cross-motion for summary judgment.
{¶ 12} By decision filed January 24, 2001, the trial court denied plaintiff's motion for summary judgment and granted Vision Realty's motion for summary judgment. On February 11, 2002, plaintiff filed a motion for reconsideration of the court's decision. The trial court denied plaintiff's motion for reconsideration by decision filed March 25, 2002. The trial court's decision granting summary judgment in favor of Vision Realty was journalized by judgment entry filed on March 29, 2002.
{¶ 13} On appeal, plaintiff sets forth the following single assignment of error for review:
{¶ 14} "The trial court erred in denying appellant's motion for summary judgment, granting Appellee's motion for summary judgment, and denying Appellant's motion for reconsideration."
{¶ 15} Under her single assignment of error, plaintiff asserts the trial court erred in denying her motion for summary judgment and in granting summary judgment in favor of Vision Realty. More specifically, plaintiff contends the trial court erred in finding that Vision Realty did not breach a fiduciary duty to plaintiff when it returned the deposit to Cleveland without her consent. Plaintiff relies upon the language of Ohio Adm. Code 1301:5-5-09, which states in part that "[e]very brokerage shall keep a record of all trust funds received, including escrow funds, security deposits, and other monies received by the broker in a fiduciary capacity."
{¶ 16} In S.E.A., Inc. v. Dunning-Lathrop Assoc., Inc. (Dec. 21, 2000), Franklin App. No. 00AP-165, this court discussed the summary judgment standard under Civ.R. 56 as follows:
{¶ 17} "Pursuant to Civ.R. 56(C), a motion for summary judgment shall be granted if (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; (3) the evidence demonstrates that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party opposing the motion. * * * Upon appeal, an appellate court will independently review the pleadings and evidentiary material submitted to the trial court in support of and opposition to summary judgment, and apply the same standard to determine whether the materials submitted establish a genuine issue of material fact. * * * When reviewing the grant of summary judgment, the appellate court will review the judgment independently and does not defer to the trial court's conclusions. * * * Furthermore, in cases where the opposing parties file cross-motions for summary judgment, the assertion by each party that there are not factual issues is limited to the purposes of the moving party's motion, and such admissions by the movant may not be applied to the adversary's motion. The filing of cross-motions for summary judgment accordingly does not establish the absence of a material issue of fact. * * *" (Citations omitted.)
{¶ 18} In the present case, the trial court, in granting summary judgment in favor of Vision Realty, agreed with Vision Realty's contention that, because the buyer failed to obtain adequate financing prior to the March 15, 1997 deadline, the contract terminated by its own terms and conditions on that date. The court thus found that Section 13(b) of the contract governed, requiring the return of the deposit to the buyer. The court further determined that any fiduciary duty owed to plaintiff by Vision Realty expired with the termination of the agreement.
{¶ 19} The real estate purchase contract at issue consisted of a standard pre-printed form. Paragraph one of the agreement, under the heading "[o]n the following terms," contained certain additional typewritten provisions, including the condition that buyer assume an existing FHA loan. The subsequent addendum, signed by the parties and dated March 5, 1997, contained further typewritten provisions, including a financing clause. Part of the evidence before the trial court on summary judgment included the affidavit of Don Payne, the agent for Cleveland. In his affidavit, Payne averred that, while the agreement contained a contingency for the buyer to assume the mortgage on the property, Cleveland later learned that the mortgage could not be assumed, and therefore the contract was extended until March 15 in order to permit Cleveland to obtain financing. Payne further averred that, although Cleveland was able to obtain financing, he was not able to do so prior to March 15, 1997; despite that fact, a closing was scheduled for March 21, 1997, but Cleveland did not attend. According to Payne, Vision Realty refunded Cleveland the $5,000 deposit based upon its belief that the contract between Cleveland and plaintiff had expired and was no longer in effect.[1]
{¶ 20} In addition to the terms of the purchase contract and addendum regarding the assumption of a loan and financing, paragraph fourteen of the agreement states that "[t]ime is of the essence of all provisions of this contract." In general, "time is not of the essence of a contract for the sale of real estate." Mihalich v. D W Co. (Apr. 13, 1988), Wayne App. No. 2326. However, "it may be made so by express stipulation of the parties * * * [and] time is held to be of the essence of the contract where a definite date is fixed for compliance." Id. Here, the contract's "time-is-of-the-essence" clause creates a presumption that the March 15, 1997 date for performance was mandatory. As previously noted, the terms of the purchase agreement contemplated that the buyer would assume an existing FHA mortgage; however, the buyer learned that the mortgage could not be assumed, and the parties signed the addendum extending the contract until March 15, 1997, and calling for the buyer to obtain acceptable conventional financing.
{¶ 21} In construing the contract in this particular case as a whole, so as to give effect to the intention of the parties, the court finds that, in extending the contract until March 15, 1997, the obligation of buyer to perform was conditioned upon his obtaining acceptable financing. It has been held that conditions precedent, such as securing financing, require that an act must take place before a duty of performance of a promise arises, and if such condition is not fulfilled, the parties are excused from performing. Fortune v. Fortune (May 3, 1991), Greene App. No. 90-CA-96. In the present case, because the buyer was apparently unable to obtain acceptable financing prior to March 15, 1997, a condition of the agreement did not occur. Further, although the closing date was extended once in writing, by means of the addendum, the record fails to indicate any other executed written instrument extending the contract beyond March 15, 1997. Accordingly, we agree with the trial court's finding that, absent the buyer's tender of the purchase price by March 15, 1997, the contract terminated on that date and was no longer valid. Moreover, because the agreement terminated by its own terms, there was no error by the trial court in concluding that Vision Realty did not breach a fiduciary duty to plaintiff by returning the deposit money to buyer. Accordingly, the trial court properly rendered summary judgment in favor of Vision Realty.
{¶ 22} Based upon the foregoing, plaintiff's single assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
PETREE and DESHLER, JJ., concur.
[1] We note that plaintiff contends that, because a default judgment was entered against Cleveland, Vision Realty is precluded from asserting any claim as to whether the contract had been breached, or whether it expired. However, in light of the fact that plaintiff's motion for default judgment was unopposed by Cleveland, and that Vision Realty was not defending Cleveland but, rather, defending against its own liability, we disagree. See Sherwin Williams Co. v. State Line Painting (Feb. 3, 2000), Mahoning App. No. 97 C.A. 9 ("as a guarantor [appellant] was not precluded from raising the contract defenses which could have or should have been raised by State Line, who failed to plead or otherwise appear in the cause of action against it by Sherwin-Williams, thereby resulting in default judgment being rendered against State Line"); North Dayton Truck Service v. Terrell (Mar. 15, 1982), Montgomery App. No. 7447 ("in view of the fact that appellee had obtained a default judgment in the action against appellant's husband, no issue was actually and necessarily litigated and determined therein").